UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1597
(7:11-cv-00187-FL)

FIRST MERCURY                    )
INSURANCE COMPANY                )
                                 )
        Defendant - Appellant    )
                                 )
v.                               )
                                 )
HARLEYSVILLE MUTUAL              )
INSURANCE COMPANY                )
                                 )
Plaintiff - Appellee             )
                                 )
HARTFORD CASUALTY                )
INSURANCE COMPANY;               )
ASSURANCE COMPANY OF             )
AMERICA; FIRST FINANCIAL         )
INSURANCE COMPANY;               )
G.R. HAMMONDS INC, a/k/a         )
G.R. Hammonds Roofing, Inc.,     )
a/k/a Hammonds Roofing;          )
HARTFORD FIRE INSURANCE          )
COMPANY                          )
                                 )
Defendants - Appellees           )
                                 )
and                              )
                                 )
FIRST MERCURY                    )
EMERALD INSURANCE                )
SERVICES, INC.                   )
Defendant                        )

1

## APPELLANT FIRST MERCURY INSURANCE COMPANY'S
## MOTION TO FILE A SEPARATE BRIEF

Defendant/Appellant First Mercury Insurance Company ("FMIC") moves the Court pursuant to Local Rule 28(a) for the United States Court of Appeals for the Fourth Circuit to file a separate brief from the other insurers that have filed Notices of Appeal in this action.

## STATEMENT OF FACTS

This declaratory judgment action arises out of GR Hammonds Roofing, Inc's. ("GR Hammonds") claim for insurance coverage from numerous insurers for four underlying lawsuits resulting from GR Hammonds' allegedly defective roofing work at three residential construction projects. In light of disagreements between GR Hammonds' insurers regarding whether coverage was owed for the underlying lawsuits, and if so, how much each insurer should be responsible for, Harleysville Mutual Insurance Company ("Harleysville") filed this declaratory judgment action seeking a declaration as to the parties' rights and responsibilities in connection with their respective policies issued to GR Hammonds.

Four separate insurance carriers are appealing a decision of the United States District Court for the Eastern District of North Carolina, which adopted and applied a "multiple" or "continuous" trigger approach to determine which insurance policies would provide coverage for the four underlying construction defect lawsuits involving GR Hammonds. Notices of Appeal have been filed by FMIC, Harleysville, First Financial Insurance Company ("First Financial"), and Assurance Company of America ("Assurance"). (See Appeal 15-1597, Doc. # 1; Appeal 15-1638, Doc. # 1; Appeal 15-1659, Doc. # 1; Appeal 15-1663, Doc. # 1). All four Notices of Appeal have been consolidated. (See Appeal 15-1597, Doc. # 17). The four parties, while appealing from the same orders, have distinct arguments unique to that party's position and

2

adverse to the other appealing parties. Therefore, allowing FMIC to file a separate brief is appropriate.

In orders dated February 27, 2015 and May 4, 2015, the District Court rejected arguments from FMIC, First Financial, Harleysville and Assurance that the appropriate trigger to apply was an injury-in-fact trigger. Three parties, Financial, Harleysville, and Assurance, argued that the District Court should apply an injury-in-fact trigger that equates the injury-in-fact to the time that GR Hammonds work at each project was completed. FMIC argued that the District Court should apply an injury-in-fact trigger that equates the injury-in-fact to the time that GR Hammonds' work was performed at each project. As such, FMIC's argument on appeal regarding the applicable trigger will be distinct.

In addition, FMIC's appeal is distinct from the other appealing insurers because FMIC will argue that the District Court improperly failed to apply the Continuous or Progressive Injury and Damage Exclusion contained in the FMIC Policy. First Financial will appeal the District Court's failure to apply a Property Damage Claims in Progress Exclusion in its own policy. (Appeal 15-1663, Doc. # 23). The FMIC exclusion contains different language than the First Financial exclusion, making both parties' argument in this regard distinct. Assurance and Harleysville are not appealing the District Court's failure to apply a policy exclusion.

In addition to appealing the trigger applied by the District Court, Assurance and First Financial will appeal the type of allocation applied by the District Court. (Id.; Appeal 15-1659, Doc. # 19). Assurance will also appeal the District Court's determination that it was provided with notice of one of the underlying lawsuits at issue. (Appeal 15-1659, Doc. # 19). No other party has raised the notice issue on appeal.

3

## ARGUMENT

**I.      FMIC SHOULD BE ENTITLED TO FILE A SEPARATE APPELLATE BRIEF**

Pursuant to Local Rule 28(a) for the United States Court of Appeals for the Fourth Circuit, "[r]elated appeals or petitions for review will be consolidated in the Office of the Clerk, with notice to all parties, at the time a briefing schedule is established" and only "[o]ne brief shall be permitted per side, including parties permitted to intervene, in all cases consolidated by Court order, unless leave to the contrary is granted upon good cause shown."[1]  Local Rule 28(d) indicates that a party can demonstrate good cause by showing that the parties' interests are adverse to one another.  Separate briefs should also be permitted where the parties may not necessarily be adverse, but their interests are not completely aligned, so that the parties on each "side" can each advocate their own distinct arguments.

The difference in the arguments of the appealing insurers serves as good cause for allowing FMIC to file a separate brief in support of its appeal.  Here, the appealing insurers' positions do not align on how to apply an injury-in-fact trigger under North Carolina law.  As noted above, there is a distinction between FMIC's trigger argument and that asserted by Harleysville, First Financial, and Assurance.  FMIC's application of the injury-in-fact trigger

---

[1] We note that Local Rule 28(d) discusses the filing of a motion to file a separate brief in the context of "joint appeals".  In this regard, Rule 28(d) states:

> Motions to file separate briefs are not favored by the Court and are granted only upon a particularized showing of good cause, such as, but not limited to, cases in which the interests of the parties are adverse. Generally unacceptable grounds for requests to file separate briefs include representations that the issues presented require a brief in excess of the length limitations established by FRAP 32(a)(7) (appropriately addressed by a motion to exceed length limit), that counsel cannot coordinate their efforts due to different geographical locations, or that the participation of separate counsel in the proceedings below entitles each party to separate briefs on appeal.

While FMIC believes Local Rule 28(a) is the appropriate Local Rule to move under, to the extent the appropriate Local Rule to seek permission to file a separate brief is Local Rule 28(d), FMIC requests that its motion be considered under such rule.

would apply to all policies in effect at the time GR Hammonds performed its work at each respective project, however, Harleysville, First Financial, and Assurance assert that only the policy in effect on the date GR Hammonds completed its work at each project would be triggered.

Separate from the issue of trigger, three of the four appealing insurers have additional, distinct issues that they intend to raise on appeal. Specifically, FMIC will appeal the District Court's determination that its Continuous or Progressive Injury and Damage Exclusion does not apply to bar coverage. (Appeal 15-1597, Doc. # 12). Assurance and First Financial have both stated that they intend to appeal the allocation adopted and applied by the District Court. (Appeal 15-1663, Doc. # 23; Appeal 15-1659, Doc. # 19). Assurance will also appeal the District Court's decision that it was provided with notice of one of the underlying lawsuits. (Appeal 15-1659, Doc. # 19). First Financial will also appeal the Court's ruling regarding its own exclusion contained in its policy. (Appeal 15-1663, Doc. # 23). The First Financial exclusion contains different language than that of FMIC, and therefore, the arguments of FMIC and First Financial will be distinct.

Therefore, not only do the other appealing insurers' proposed trigger theories differ from that of FMIC, but virtually each appealing insurer has its own additional and distinct issue to address on appeal. Consequently, the interests of the appealing insurers are not only not aligned, but they are adverse, as the amount of coverage that each insurer has overpaid or underpaid could change, thereby drastically altering the allocation of money among the insurers involved in this action For example, if FMIC is found to owe no coverage for the four underlying actions at issue based upon its Continuous or Progressive Injury and Damage

Exclusion, FMIC will have no obligation to reimburse Harleysville or Assurance – both appealing insurers – any money.

## <u>CONCLUSION</u>

As the interests of the appealing insurers are adverse, FMIC respectfully requests that the Court grant FMIC's motion to file a brief separate from the other appealing insurers (Harleysville, First Financial, and Assurance) in the above-captioned appeal.

Date:   July 27, 2015

<div style="margin-left:40%">

Respectfully submitted,

/s/ Denise Marra DePekary
Denise Marra DePekary
Blake Palmer
Carroll, McNulty & Kull LLC
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
Telephone: (908) 848-6300
Fax: (908) 848-6310
Email: ddepekary@cmk.com
        bpalmer@cmk.com

Meredith E. Woods, NC Bar No. 38599
Millberg Gordon Stewart PLLC
1101 Haynes Street, Suite 104
Raleigh, North Carolina 27604
Telephone: (919) 836-0090
Fax: (919) 836-8027
Email: mwoods@mgsattorneys.com

Attorneys for defendant/appellant,
First Mercury Insurance Company

</div>

### STATEMENT PURSUANT TO
### FOURTH CIRCUIT LOCAL RULE 27(a)

Counsel for all other parties has been notified of the intended filing of this Motion. Prior to filing this Motion, counsel for FMIC was not advised of any party that will oppose this motion.

## CERTIFICATE OF SERVICE

It is hereby certified that on this date the foregoing pleading was electronically filed on the CM/ECF system and was duly served upon all parties of record to this case by electronic notification to the CM/ECF participating attorneys.

This the 27th day of July, 2015.

David L. Brown, Esq.
David G. Harris II, Esq.
Goldberg Segalla LLP
800 Green Valley Road, Suite 302
Greensboro, North Carolina  27408
dbrown@goldbergsegalla.com
dharris@goldbergsegall.com
**Attorney for Plaintiff-Appellant**
**Harleysville Mutual Insurance Company**

Kearns Davis, Esq.
D.J. O'Brien, III, Esq.
Steven M. Klepper, Esq.
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
2000 Renaissance Plaza
230 North Elm Street
Greensboro, North Carolina 27401
kdavis@brookspierce.com
dobrien@brookspierce.com
sklepper@brookspierce.com
**Attorneys for Defendant-Appellee**
**Hartford Fire Insurance Company and Hartford**
**Casualty Insurance Company**

James A. Merritt, Jr., Esq.
Merritt, Webb, Wilson & Caruso, PLLC
2525 Meridian Parkway
P.O. Box 2247
Durham, North Carolina 27702
jmerritt@merrittwebb.com
**Attorneys for Defendant-Appellee**
**GR Hammonds Inc., a/k/a G.R. Hammonds**
**Roofing, Inc., a/k/a Hammonds Roofing**

8

F. Lane Williamson, Esq.
Tin Fulton Walker & Owen, PLLC
301 E. Park Avenue
Charlotte, North Carolina  28203
lwilliamson@tinfulton.com
**Attorney for Defendant-Appellant**
**First Financial Insurance Company**

And by electronic mail and Federal Express overnight addressed to:

Phillip E. Reeves, Esq.
Gallivan, White & Boyd, P.A.
P.O. Box 10589
One Liberty Square
55 Beattie Place, Suite 1200
Greenville, SC 29601
preeves@gwblawfirm.com
**Attorneys for Defendant-Appellant**
**Assurance Company of America**

CARROLL, McNULTY & KULL LLC

By: /s/ Denise Marra DePekary_____
       Denise Marra DePekary